# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 12-40041-JAR |
| BRANDON I. HOLLISTER, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On November 30, 2012, Defendant Brandon I. Hollister entered a guilty plea to one count of distribution of sexually explicit images of children (Doc. 23). During a forensic examination of Defendant's computer, investigators discovered sexually explicit images and videos of minors, as defined under 18 U.S.C. § 2256. The images included images from known victim series, the "Cindy" Series, the "Jan-Feb" Series, and the "Vicky" Series. Pursuant to 18 U.S.C. § 3771(a)(2), the government sent notice to the identified victims who requested to be informed of the proceedings. The victims of the three series referenced above submitted restitution requests with supporting documentation. Based on this documentation, the presentence report calculated restitution to the victims in varying amounts: (1) to "Vicky," in the amount of $734, 413.62, based on her total losses of $1,330.015.75, minus 595,602.13 already paid by other offenders; and (2) to the victim in the "Jan-Feb" series, in the amount of $150,000. At a March 4, 2013 hearing, the Government presented evidence about another victim, "Cindy," in the total amount of $1,284,633. These three victims are commonly depicted in child pornography, and the three victims often seek restitution in child pornography cases involving their images.

Defendant objected to the restitution awards (Doc. 28) and argued in support of his

objection at the March 4 sentencing hearing. At that hearing, the Court announced its intent to draft a written order on the restitution objection after further briefing and argument by the parties. The Government filed a brief on March 13 and Defendant filed a reply brief on March 22 and a supplemental reply on April 3. In short, Defendant objected on the basis that there is no evidence that this Defendant's conduct proximately caused the losses suffered by these victims, and therefore, he owes no restitution to these victims. Defendant's objection is fully briefed and the Court is prepared to rule. As described more fully below, the Court sustains the objection and does not order payment of restitution.

In cases that involve a violation of 18 U.S.C. § 2252(a)(2), distribution of child pornography, the court must order restitution for victims who were harmed as a result of the defendant's conduct, pursuant to 18 U.S.C. § 2259. Under 18 U.S.C. § 3664(e), the Government bears the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" and "any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence."

Section 2259(b)(1) requires that the restitution order "shall direct the defendant to pay the victim . . . the full amount of the victim's losses." "[T]he full amount of the victim's losses" include any costs incurred by the victim for five specific categories of losses:

> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the

offense.[1]

In this context, "the term 'victim' means the individual harmed as a result of a commission of a crime under this chapter."[2]

Courts have struggled with whether the proximate cause requirement explicitly referenced in § 2559(b)(3)(F) also applies to the previous five subsections. During the pendency of this case, the Tenth Circuit issued an opinion in *United States v. Benoit,* answering this question: "[i]n accord with the majority of circuits to have considered the issue, [the Tenth Circuit held] that 18 U.S.C. § 2259 requires a showing that a victim's losses are proximately caused by the defendant's conduct."[3] Thus, for a court to order restitution in these cases, the Tenth Circuit held that all of the five categories of losses require a showing that the defendant proximately caused the loss. Under Tenth Circuit precedent, a defendant proximately causes a loss if the loss "would not have occurred but for their conduct and if there were no unforeseeable intervening acts superseding their liability. That conduct of other people may have concurrently caused the harm does not change the outcome as to [Defendants]."[4] In *Benoit*, the Tenth Circuit also emphasized that crimes related to child pornography are not strict liability crimes, in the sense that, for restitution purposes, possession of child pornography cannot be assumed to have caused the victims harm. In short, the court held that,

> Despite our sympathy for [the victim], "show[ing] only that [defendant] participated in the audience of persons who viewed the

---

[1] 18 U.S.C. § 2259(b)(3)(A)-(F).

[2] 18 U.S.C. § 2559(c).

[3] –F.3d.–, No. 12–5013, 2013 WL 1298154, at *1 (10th Cir. April 2, 2013).

[4] *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012) (citations and quotations omitted).

3

> images of [the victim] ... may be sufficient to establish that [defendant's] actions were one cause of the generalized harm [victims] suffered due to the circulation of their images on the internet, [but] it is not sufficient to show that they were a proximate cause of any particular losses."[5]

Thus, in order to garner restitution for the victims in a case like this, the Government must do more than show that the defendant possessed and viewed the images; the Government must show that, but for the Defendant's conduct, the victim's particular harm that forms the basis of the restitution sought in a given case would not have occurred. The Court realizes that this standard puts a serious burden on the Government and is difficult to square with the statutory language that a court "shall" order restitution. Nonetheless, the Court is bound by the *Benoit* decision.

The Tenth Circuit provided at least one clear method for establishing the required proximate cause, although it may not be the only method. The court stated:

> In certain situations dividing a victim's total damages by the number of end-viewers of child pornography may be sufficient to satisfy a proximate cause standard. For instance, a district court may determine that the pool of a victim's provable losses are roughly equally caused by multiple defendants. However, in this case the district court did not make factual findings as to whether the number of judgments was approximately equal to the number of end-users or whether Benoit caused approximately the same amount of damages as other end-users.[6]

Thus, if the Government were to show roughly how many viewers had downloaded a particular victim's image, that number could be used to calculate a given defendant's portion of the damages. The Court notes that, under this approach, the number of viewers may be unknowable or so high that any given defendant's share of the restitution would be meaningless.

---

[5] *Benoit*, 2013 WL 1298154, at *17 (citing *United States v. Kennedy*, 643 F.3d 1251, 1264 (9th Cir. 2011)).

[6] *Id.* at 19, n.8.

The Tenth Circuit's approach seems at odds with the approach in *United States v. Gamble*,[7] a case cited by the Tenth Circuit when it explained its suggested method. In *Gamble*, the Sixth Circuit suggested the following approach:

> For the harms that must be allocated, the Government proposes a calculation that proceeds in two steps. The district court first determines the pool of a victim's provable losses that are not traceable to a single defendant using the proximate cause standard described in this opinion, see supra Section II.A. Second, the district court determines how much of the pool a given defendant caused. This second step provides district courts with considerable discretion. As a logical matter, a defendant generally cannot cause harm prior to the date of his offense. In a situation involving a victim whose images have been widely disseminated and viewed over the Internet, the court may allocate losses by dividing the pool by the number of defendants convicted of possessing the victim's image. In a situation such as Vicky's, in which approximately three hundred defendants have been convicted, the number of convicted possessors is a reasonable divisor. It takes into account the fact that many individuals have contributed to Vicky's harms and puts the cost of treating those harms on this culpable and identifiable population. At the same time, it results in a restitution award that is meaningful and takes into account Congress's desire to provide compensation to victims while also assigning some value to the social harm.[8]

The court held that "[t]he Government's proposal is facially consistent with the statute."[9] In spite of the Tenth Circuit's citation to *Gamble*, the Tenth Circuit's approach focuses on "end-users" of child pornography, not the defendants convicted of possessing the victim's image as permitted in *Gamble*, making the determination of a divisor in the restitution calculation much more difficult.

In the present case, the Government noted at oral argument that the victims had not

---

[7] 709 F.3d 541 (6th Cir. 2013)

[8] *Id.* at 554.

[9] *Id.*

supplemented their materials to comply with this Court's attempt to comply with the Tenth Circuit's opinion. The Government also noted that the victims in this case could not at this time show that a particular viewing of a particular image on a particular date caused a particular harm. Based on the documentation submitted in this case, the Government is correct. The victim information details the terrible fall-out these victims have experienced, but it does not show that this Defendant's actions were a proximate cause of any particular losses, as required by *Benoit*.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's objection to the award of restitution (Doc. 28) is SUSTAINED.

**IT IS SO ORDERED.**

Dated: April 17, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE